UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELBA SANDERS | CIVIL ACTION |
| VERSUS | NO. 22-2103 |
| SCOTTSDALE INSURANCE COMPANY AND NATIONSTAR MORTGAGE, LLC | SECTION: "O" (3) |

## ORDER AND REASONS

Before the Court is a Motion to Quash Subpoena Duces Tecum (Doc. 35) filed by Defendant Nationstar Mortgage LLC ("Nationstar") relative to a subpoena issued by Plaintiff, Melba Sanders. Plaintiff's opposition was due on June 24, 2024. None was filed. For the reasons below, the motion is granted.

Plaintiff has attempted to propound a subpoena *duces tecum* on Nationstar, a party in this case. Nationstar alleges that the subpoena is procedurally improper. Nationstar is correct.

Subpoenas can be attractive to litigants seeking documents because they do not come with the same delays and procedures associated with requests for production. But most courts in the Fifth Circuit have been reluctant to allow a litigant to rely on subpoena duces tecum to obtain documents from a party. *See, e.g.*, *Powell v. United States*, No. 09-1873, 2009 WL 5184338, at *1 (E.D. La. Dec. 22, 2009); *see also Stemmons Enter., LLC v. Fisker, Inc.,* No. 4:22-CV-01487, 2023 WL 7545223, at *1 (S.D. Tex. Nov. 13, 2023) ("Third-party discovery is 'not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'") (quotation omitted); *Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008);

*Young v. Ershick*, No. 4:21-CV-00644-ALM, 2022 WL 1557666, at *1 (E.D. Tex. May 17, 2022) (quotation omitted); *see also* § 2452 Relation of Rule 45 to the Discovery Rules, 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed.) ("a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information."). And, although courts have allowed party-subpoenas in certain cases, this case does not present any unusual circumstance that would support Plaintiff's strategy decision to rely on a subpoena instead of a request for production. *See Giarratano v. Huntington Ingalls Inc.*, No. CV 22-88, 2023 WL 2898332, at *3 (E.D. La. Apr. 11, 2023) (citing cases and identifying narrow set of circumstances when a subpoena duces tecum may be appropriately directed to a party).

Although they have some strategy advantages, subpoenas also have some unique limits. Rule 45(d)(1) imposes an affirmative obligation on a party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *See id.*

Some factors involved in the Rule 45 undue burden analysis overlap with those at issue in litigation over requests for production.[1] A significant difference, however,

---

[1] The Fifth Circuit has identified several factors relative to this inquiry, including: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by

is that ignoring a subpoena presents greater peril than ignoring a request for production. *See, e.g.*, Fed. R. Civ. P. 45(a)(2) advisory committee's note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Thus, Rule 45(d)(1) imposes a unique affirmative duty. If the plain text of Rule 45(d)(1) is to be given any effect, an attorney must take even greater care in drafting subpoenas duces tecum than when drafting requests for production. The subpoena propounded by Plaintiff seeks vast categories of documents including, "[a]ll documents or things concerning this litigation" and "[a]ll documents concerning the relief sought by Plaintiff from any Defendant or Defendant(s)" in the underlying Complaint."[2] On its face, the subpoena suggests that Plaintiff did not attempt to tailor the subpoena to avoid any undue burden under Rule 45. The Court defers ruling on whether fees and costs are appropriate given the absence of contradictory briefing.

For these reasons,

**IT IS ORDERED** that the motion to quash (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that any motion for fees and costs under Rule 45(d)(1) should be filed by July 15, 2024. Any such motion must include (a) an affidavit attesting to the attorneys' education, background, skills, and experience; (b)

---

the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

[2] Doc. 35.

sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed.

New Orleans, Louisiana, this 2nd day of July, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE